## 48227. HITER v. SHELP et al.

STOLZ, Judge. This case arose out of a collision involving an automobile operated by plaintiff, Mr. Hiter, and an automobile operated by defendant Shelp but owned by defendant Vera June Luther (Luther), also known as Vera June Luther Shelp, who was joined as a party under the "family-purpose doctrine."

Defendant Luther moved for summary judgment, contending that the family-purpose doctrine was inapplicable because there was no husband and wife relationship between her and defendant Shelp. The plaintiff appeals from the grant of the motion for summary judgment. *Held:*

The evidence showed that Mrs. Luther and Shelp had not engaged in a ceremonial marriage, but had lived together as husband and wife since 1966 and had held themselves out as such continuously since that time; and that she considered herself

Shelp's lawful wife and was married to him "in the eyes of God." Without relating all the evidence, suffice it to say that the evidence would normally be sufficient to establish a valid, binding common-law marriage in Georgia. See Code § 53-101; *Drewry v. State,* 208 Ga. 239, 243 (65 SE2d 916), approving the dissent in *Lefkoff v. Sicro,* 189 Ga. 554, 576 (6 SE2d 687, 133 ALR 738). However, in order to be able to contract a valid common-law marriage, one must be able to meet the requirements of Code § 53-102 (as amended, Ga. L. 1957, p. 83; 1962, p. 138; 1963, p. 485; 1965, pp. 335, 337; 1965, p. 500). Here the evidence conclusively showed that Mr. Shelp was laboring under the disability of having a previous marriage undissolved and consequently lacked the capacity to contract a valid marriage. Code Ann. § 53-102 (1).

If there is no marriage here, can the "family-purpose doctrine" be applicable? The appellant urges that it is. We are cited extensive authority showing that liability under the family-purpose doctrine "is not founded on the existence of a family relationship" (*Kalil v. Spivey,* 70 Ga. App. 84, 91 (27 SE2d 475); *Mason v. Powell,* 92 Ga. App. 496 (88 SE2d 734)), but on the use of the vehicle for the purpose for which it was provided. *Hirsh v. Andrews,* 81 Ga. App. 655 (59 SE2d 552). However, in each of the cases cited, where the family-purpose doctrine has been applied, there has been a "family" relationship between the owner of the automobile and its operator at the time of the collision. As noted in *Hirsh,* supra, p. 658, there are two necessary and controlling elements in making "family-purpose" applicable: "(1) the making available an automobile for family use, and (2) liability arising when the automobile so furnished is used within the scope of the purposes for which it was made available." See also: 8 AmJur2d 143-149, Automobiles and Highway Traffic, §§ 588-594; 60A CJS 959-977, Motor Vehicles, §§ 433(1) - 433(6), and cits.

The single thread that is woven through the fabric of all of the foregoing authorities, is the existence of "family." Thus, we are asked, "Does the cohabitation hereinbefore set forth give rise to the existence of a 'family' relationship?" We hold that it does not.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JUNE 1, 1973 — DECIDED JUNE 20, 1973 — REHEARING DENIED JULY 18, 1973 —

*John Calvin Hunter, Mathew Robins,* for appellant.
*Greer, Sartain & Carey, Jack M. Carey,* for appellees.