## 56904. CHAMBERS et al. v. SCARBORO.

SMITH, Judge.

The action against appellee Scarboro sought to have him answer for his former wife's alleged negligence, on the basis of the family purpose doctrine and general agency principles. The evidence established conclusively the appellee's lack of liability under the theories advanced by appellants, the plaintiffs below, and we affirm the trial court's grant of appellee's motion for summary judgment.

Appellee Scarboro was divorced from his wife by a decree entered on May 11, 1977. The decree provided that his former wife, Marsha Lavelle, "shall have the 1974 gray Opel Manta Luxus automobile," title to which was in appellee's name. On May 25, 1977, Lavelle, while driving the Opel, was involved in a collision with an automobile driven by Jimmie Chambers, one of the appellants. Chambers and his wife sued Lavelle and appellee.

The trial court correctly granted summary judgment to appellee. The familial relationship between appellee and Lavelle having been terminated prior to the accident, the family purpose doctrine did not apply to require appellee to respond for his former wife's asserted negligence. *Hiter v. Shelp,* 129 Ga. App. 401 (199 SE2d 832) (1973). Appellants' appellate argument does not support their contention that the divorce decree was "void on its face," and thus the decree is not vulnerable to their collateral attack. Ga. L. 1966, pp. 609, 662 (CPA § 60 (a)); *Cooper v. Public Fin. Corp.,* 144 Ga. App. 572 (1) (241 SE2d 839) (1978). Finally, the evidence showed that Lavelle's operation of the Opel was not on appellee's behalf; therefore, contrary to appellants' contention, agency principles other than the family purpose doctrine do *not* apply to establish that she was appellee's agent in driving the car. Code § 4-101; cf. *Walker Hall, Inc. v. Fincher,* 120 Ga. App. 193 (2) (169 SE2d 745) (1969). Appellants having failed to show that genuine issues of fact remained as to appellee's liability, the appeal is meritless.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED NOVEMBER 14, 1978 — DECIDED FEBRUARY 9, 1979 — REHEARING DENIED FEBRUARY 28, 1979.

*John Genins,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Anthony L. Cochran, Jerry B. Blackstock,* for appellee.