### 71080. LIDDY v. HAMES et al.
(339 SE2d 778)

BENHAM, Judge.

Appellant brought suit against Hames and Britt after being injured when a car in which she was a passenger collided with Britt's car, which was being driven by Hames. The grounds of liability asserted by appellant against Britt were negligent entrustment, respondeat superior, and the family purpose doctrine. In her deposition, Britt denied that Hames had ever had permission to use her car, that Hames was living with her at the time of the collision, and that Hames was driving as her agent when the collision occurred. Hames testified on deposition that although he had once lived with Britt, he lived elsewhere at the time of the collision; that he had borrowed the car on the occasion of the collision without checking with Britt, who was asleep when Hames took the car, but that they had an understanding that he could use her car when he wanted to; and that he was using the car on that occasion for his own purposes. In opposition to Britt's motion for summary judgment, appellant submitted an affidavit in which Hames swore that he was "staying" with Britt at the time and had standing permission to use her car. Appellant argues on appeal that the conflict in the testimony rendered summary judgment for Britt erroneous.

1. " 'Under the theory of negligent entrustment, "liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. [Cits.]" ' " *Collins v. Everidge*, 161 Ga. App. 708, 710 (289 SE2d 804) (1982). Appellant points to no evidence whatsoever that Britt had any knowledge that Hames was not a safe driver, and our review of the entire record has revealed none. Sum-

mary judgment on appellant's negligent entrustment claim was properly granted to Britt.

2. Appellant's assertion of liability on the basis of respondeat superior is likewise without support in the record. " 'Ownership of the vehicle alone is insufficient to establish liability on the part of the owner.' [Cit.]" *Shmunes v. Gen. Motors Corp.*, 146 Ga. App. 486 (3) (246 SE2d 486) (1978). The unrefuted evidence in this case is that Hames was using Britt's car for his own purposes, not Britt's, when the collision occurred. "The existence of an agency relationship between [Britt] and [Hames] was conclusively negatived by the unrefuted affidavits [and depositions]. This uncontradicted evidence pierced the pleadings and made out a prima facie right to summary judgment on this issue. [Cit.]" Id.

3. Appellant insists on appeal that summary judgment was inappropriate on the issue of the application of the family purpose doctrine because there was a conflict in the evidence regarding Hames' residence at the time of the collision: Britt swore by deposition that Hames did not reside with her; Hames swore by affidavit that he did. We find that the conflict is immaterial and did not preclude summary judgment for Britt.

"The single thread that is woven through the fabric of all the [family purpose doctrine cases] is the existence of 'family.' " *Hiter v. Shelp*, 129 Ga. App. 401, 402 (199 SE2d 832) (1973). There is nothing in the record of this case to show the existence of a family relation between Hames and Britt. Both defendants swore that they were "friends." Hames' affidavit, relied upon by appellant to prevent summary judgment for Britt, stated only that he was "staying with" Britt at the time the collision occurred. That evidence does not establish a family relationship, without which appellant's claim under the family purpose doctrine was properly the subject of summary judgment for Britt. Id.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 22, 1986.

*Guy G. Michaud*, for appellant.
*J. M. Hudgins IV, Dale T. Martin*, for appellees.