## 46423. JONES v. JONES et al.
(376 SE2d 674)

CLARKE, Presiding Justice.

Mrs. Elizabeth Jones was driving when her car collided with a truck. Her husband, Calvin Jones, who was a passenger in the car, died of the injuries he received in the accident. Linda Jones, Calvin's daughter and administratrix of his estate, brought a wrongful death action against her stepmother Elizabeth and the trucking company. Elizabeth filed a motion for summary judgment asserting that the doctrine of interspousal immunity barred the suit against her.[1] The trial court granted the motion and entered judgment in favor of Elizabeth Jones. This appeal ensued. We hold that the application of the interspousal immunity doctrine to wrongful death actions violates the constitutional guarantee of equal protection and therefore reverse.

As applied to wrongful death actions, OCGA § 19-3-8, the interspousal immunity doctrine, creates two classes of wrongful death claimants: (1) those whose spouse, child or parent died as a result of a negligent or wrongful act or omission by his or her spouse; and (2) those whose spouse, child or parent died as a result of the negligence of someone other than his or her spouse. Those in the latter category may maintain an action for wrongful death, while those in the former are barred by the interspousal immunity doctrine.

In determining whether the classification created by the statute is constitutional as applied to wrongful death actions, we apply the rational basis test. *Clark v. Singer*, 250 Ga. 470 (298 SE2d 484) (1983). The classification must be rationally related to some legitimate state purpose; it must " 'rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. *Reed v. Reed*, 404 U. S. 71, 76 (92 SC 251, 30 LE2d 225)(1971); *Bickford v. Nolen*, 240 Ga. 255, 256 (240 SE2d 24) (1977).' " Id. at 472, quoting *Allrid v. Emory Univ.*, 249 Ga. 35 (285 SE2d 521)(1982).

There are two policy considerations that are traditionally advanced as the object of the interspousal immunity doctrine: (1) to foster marital harmony by preventing suits between spouses; and (2) to avoid fraudulent or collusive lawsuits. *Robeson v. Int. Indemnity Co.*, 248 Ga. 306 (282 SE2d 896)(1981). In the context of a wrongful death action, neither of these justifications for the doctrine adhere. First, and most obviously, there can be no marital harmony to foster when

---

[1] The trial court initially denied the motion on the ground that questions of material fact remained. Elizabeth filed an interlocutory appeal with the Court of Appeals. In *Jones v. Jones*, 184 Ga. App. 709 (362 SE2d 403) (1987), the Court of Appeals reversed the trial court, holding that interspousal tort immunity was applicable and that no issues of material fact remained. The case was remanded for consideration of any constitutional issues properly raised.

one spouse has died. Second, the deceased spouse cannot conspire or collude with the defendant spouse. Although there may be some possibility of collusion between the defendant spouse and the wrongful death claimant if liability insurance is available, we believe that the possibility of collusion is not realistically greater than in any suit where insurance is involved. The possibility is particularly unlikely where, as here, the wrongful death claimant is the emancipated stepdaughter of the deceased.[2] Moreover, the potentiality for fraud exists in any litigation and should not be a valid basis for denying a right of action to legitimate claimants. As one court said when addressing the ability of the judicial system to prevent fraud:

> It would be a sad commentary on the law if we were to admit that the judicial processes are so ineffective that we must deny relief to a person otherwise entitled simply because in some future case a litigant may be guilty of fraud or collusion. . . . Our legal system is not that ineffectual.

*Klein v. Klein*, 58 Cal2d 692, 696, 376 P2d 70, 73 (1962), as quoted in Johnson, *Interspousal Tort Immunity: The Rule Becoming the Exception*, 27 How. L. J. 995 (1984).

In sum, we conclude that the interspousal immunity doctrine arbitrarily distinguishes between classes of wrongful death claimants. We therefore hold that OCGA § 19-3-8 is unconstitutional as applied to actions for wrongful death.

*Judgment reversed and remanded. All the Justices concur, except Marshall, C. J., and Bell, J., who dissent.*

DECIDED MARCH 2, 1989.

*Dozier, Akin & Lee, L. Z. Dozier, Neal B. Graham*, for appellant.
*Martin, Snow, Grant & Napier, Robert L. Gunn II, Karl D. Warden, Harris, Watkins, Davis & Chambless, Joseph H. Davis*, for appellees.

---

[2] Of course, the spouse of the deceased could not be both plaintiff and defendant in a wrongful death action.