A97A0080. CAROLINA CABLE CONTRACTORS, INC.
v. HATTAWAY et al.
(487 SE2d 53)

SMITH, Judge.

Tracy Hattaway ("appellee"), individually and on behalf of her children, filed this action for damages against Mark Hattaway (her ex-husband) and Carolina Cable after Mark Hattaway (Hattaway) was involved in a one-vehicle accident while driving a truck owned by his employer, Carolina Cable. The Hattaways' children were traveling with Hattaway and were injured as a result of the collision. We granted Carolina Cable's application for interlocutory appeal to address the trial court's conclusion that Carolina Cable was liable under a negligent entrustment theory.[1] We conclude that Carolina Cable was not liable under this theory, and we reverse.

---

[1] The complaint alleged liability against Carolina Cable on theories of respondeat superior and negligent entrustment. The trial court granted summary judgment to Carolina Cable on the respondeat superior claim, concluding that Hattaway was on a personal mission when the accident occurred.

The facts surrounding the accident are not in dispute: It occurred during the early morning hours of August 1, 1993, while Hattaway was driving a truck owned by Carolina Cable. Prior to the wreck, he had been to one or two nightclubs and had drunk two mixed drinks. He also had two or three beers before going to the clubs. After visiting the nightclubs, he went to a Waffle House or Huddle House, where he ate some food and stayed for two or three hours until he felt that he was able to drive. He then picked up his children and was driving home when the wreck occurred.

Hattaway testified that he "dozed off" and hit the edge of the road and then a culvert. The truck rolled over and landed in a yard on the other side of the road. The only evidence concerning the cause of the accident was Hattaway's testimony that he fell asleep. His blood alcohol content following the wreck was .03 grams. Hattaway testified that on the night of the accident he learned from the investigating officer that his license was suspended. Hattaway testified unequivocally that his bosses at Carolina Cable did not know about the suspension and that before the accident he never had a DUI.

Georgia requires that the entrustor of a vehicle have actual knowledge of the incompetence of the person to whom the vehicle is entrusted in order to be held liable. The latest Supreme Court pronouncement of this doctrine is in *Gunn v. Booker*, 259 Ga. 343, 347 (3) (381 SE2d 286) (1989), where the court explained, citing several earlier cases, that "[u]nder the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." (Footnote omitted.) See also *Clarke v. Cox*, 197 Ga. App. 83, 84 (1) (397 SE2d 598) (1990); *Wallace v. ARA Svcs.*, 185 Ga. App. 639 (365 SE2d 461) (1988); *Collins v. Everidge*, 161 Ga. App. 708, 710 (2) (289 SE2d 804) (1982).

On motion for summary judgment, Carolina Cable proffered an affidavit from one of its owners, Wendell McConnell, stating that Hattaway produced a valid driver's license when he was hired; that prior to the accident, he had no personal knowledge that Hattaway was an incompetent or reckless driver or had any problem that might affect his driving ability; that neither he nor Carolina Cable "had knowledge that Mark Hattaway might operate a company vehicle under the influence of alcohol either on company time or personal time"; and that neither he nor Carolina Cable knew that Hattaway "might have had a problem with his driver's license" prior to the accident. This specific denial of any knowledge that Hattaway was incompetent to drive negated appellee's pleadings, requiring her to set forth specific facts showing a genuine fact issue. See *Barnes v.*

*Johnson*, 194 Ga. App. 568, 569-570 (1) (390 SE2d 921) (1990).

Appellee attempts on appeal, as she did below, to show the existence of fact issues concerning Carolina Cable's knowledge of Hattaway's incompetence by referring to evidence that Carolina Cable permitted Hattaway and other employees to drive company trucks on personal business. But whether Hattaway and other employees used the trucks with Carolina Cable's permission for activities unrelated to work is irrelevant. Even assuming permission was given, the issue is whether Carolina Cable entrusted the truck to Hattaway with actual knowledge of his incompetence or habit of recklessness. See, e.g., *Collins*, supra.

Appellee further argues that Carolina Cable's alleged knowledge that *other* employees drank prior to driving or operated company vehicles despite having poor driving records demonstrates, at least circumstantially, that it had actual knowledge of *Hattaway's* alleged incompetence. This argument, too, is unconvincing; it seeks to impose a constructive knowledge requirement on vehicle owners. It is not sufficient, however, for a plaintiff to show constructive knowledge, i.e., that the entrustor should have known the person being entrusted was not competent. The distinction between actual and constructive knowledge is explained in *Roebuck v. Payne*, 109 Ga. App. 525, 526 (2) (136 SE2d 399) (1964). The entrustor is not liable "merely because [he or she], by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver." Id. Thus, OCGA § 23-1-17 does not apply.

The negligent entrustment doctrine was recently applied by this Court in *Greene v. Jenkins*, 224 Ga. App. 640, 641 (1) (481 SE2d 617) (1997). The doctrine, with the limitation of actual knowledge, is one of long standing in Georgia. See *Graham v. Cleveland*, 58 Ga. App. 810, 815 (2) (200 SE 184) (1938); *NuGrape Bottling Co. v. Knott*, 47 Ga. App. 539 (171 SE 151) (1933). The conclusion urged by appellee would be contrary to the well-settled law that actual knowledge of the *alleged negligent driver's* incompetence or recklessness is required.

The actual knowledge requirement is narrower than that offered by the Restatement 2d of Torts, § 308 (1965), which describes the common law doctrine of negligent entrustment as follows: "It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." Embraced in this definition is the concept of constructive knowledge, which is absent as such from the Georgia law on negligent entrustment. Colorado appears to be a state where constructive knowledge is sufficient. See *Casebolt v.*

*Cowan*, 829 P2d 352, 357-359, 369-373 (Colo. 1992); *Hasegawa v. Day*, 684 P2d 936, 939 (Colo. App. 1983). California law is likewise. See, e.g., *Dodge Center v. Sup. Ct.*, 199 Cal. App. 3d 332, 341 (244 Cal. Rptr. 789, 794) (1988).

This is not to say that circumstantial evidence cannot be used to prove actual knowledge. *Roebuck v. Payne*, supra at 527 (3). As stated in *Saunders v. Vikers*, 116 Ga. App. 733, 736 (7) (158 SE2d 324) (1967), there must be evidence of "actual knowledge of a pattern of [incompetence] or facts from which such knowledge could be reasonably inferred in order to preserve the issue for jury determination." Otherwise summary judgment is warranted, as it is here, because there is no question of fact or credibility to be decided by a jury, viewing all the evidence in the non-movants' favor. The Court, in *Ed Sherwood Chevrolet v. McAuley*, 164 Ga. App. 798, 799 (1) (298 SE2d 565) (1982), recognized that a plaintiff must generally rely on circumstantial evidence to prove actual knowledge in this type of case. That acknowledgment was repeated in *Clarke v. Cox*, supra at 83 (1), where there was "ample circumstantial evidence" that defendant knew of the entrusted driver's drinking problem but none that he had actual knowledge of driving under the influence.

Comparing the evidence in those cases to the evidence produced by appellee, even Hattaway's testimony that his employer knew he drank on the premises and had beer cans in the vehicle, does not create a reasonable inference that the owner knew he drove while impaired by alcohol. The trial court pointed also to evidence that the employer had been notified by a local convenience store and gas station that some employees bought beer when they fueled the company trucks and that the employer did nothing to stop this practice. But all of this evidence does no more than support a finding of constructive, not actual, knowledge that Hattaway drove the company vehicle while under the influence of intoxicants.[2]

Because appellee failed to meet her burden as respondent on motion for summary judgment of pointing to facts showing actual knowledge by Carolina Cable of incompetence or habitual recklessness, the trial court erred in denying summary judgment to Carolina Cable.

*Judgment reversed. Beasley, J., concurs. McMurray, P. J., concurs in the judgment only.*

---

[2] Throughout our analysis, we have employed the assumption that the alcohol in Hattaway's system was a proximate cause of the collision. If it was not, then of course the negligent entrustment theory fails at the outset.

DECIDED MAY 12, 1997.

 Before Judge
Bailey.

*Blasingame, Burch, Garrard & Ashley, Andrew J. Hill III, John B. Parker*, for appellant.

*James D. Crowe*, for appellees.