A99A0930. DESTER v. DESTER et al.
A99A0931. LOUIS JENKINS CONSTRUCTION, INC. v. DESTER.

(523 SE2d 635)

BARNES, Judge.

Linda Dester appeals the grant of summary judgment to her husband, Danny Dester, on the ground of interspousal tort immunity. Louis Jenkins Construction, Inc. ("Jenkins Construction") cross-appeals the denial of its summary judgment motion on Linda Dester's claims of respondeat superior, negligent entrustment, and negligent hiring and retention of her husband. We affirm the grant of summary judgment to Danny Dester and reverse the denial of summary judgment to Jenkins Construction.

This suit resulted from an automobile collision that occurred on a Saturday while Danny Dester was driving a truck owned by his employer, Jenkins Construction. Dester worked until noon and then drove a co-worker home, sharing a six-pack of beer with him. Dester then spent a few hours doing yard work at his house. He and his family, which included his wife, Linda Dester, their daughter, and Bobbi Johnson, Mrs. Dester's daughter from another marriage, went out to dinner that evening, and the Desters each had two margaritas with their meal. As Mr. Dester was driving his family home, he passed two slower moving vehicles. He was almost clear of the second car when it turned left and clipped the rear of his truck. The vehicle spun out of control and flipped, ejecting Mrs. Dester and the two children. Bobbi Johnson died, the Desters' daughter suffered a broken arm, and Mrs. Dester was seriously injured. Mr. Dester's blood alcohol level was .19 after the wreck.

Mrs. Dester sued her husband and the driver of the car that turned into the truck for personal injuries and sued Jenkins Construction as her husband's employer and the truck's owner. The trial court granted summary judgment to Mr. Dester and denied summary judgment to Jenkins Construction.

Under OCGA § 9-11-56 (c), summary judgment should be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant or denial of summary judgment de novo, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Rice v. Huff*, 221 Ga. App. 592, 593 (472 SE2d 140) (1996).

## Case No. A99A0930

Mrs. Dester raises four arguments challenging the interspousal tort immunity doctrine. She claims that the doctrine is unconstitutional; that a Supreme Court of Georgia case finding the wrongful

death statute unconstitutional applies here; that since spouses can sue for property damage, they should be able to sue for personal injury; and that since a child can sue a parent for wilful and wanton misconduct, spouses should be able to do so too.

1. Mrs. Dester first argues that prohibiting interspousal tort suits against spouses who have been wilfully and wantonly negligent violates the Equal Protection Clauses of the U. S. and Georgia Constitutions. However, this contention is controlled adversely by Supreme Court of Georgia cases affirming the constitutional validity of the interspousal tort immunity. See *Harris v. Harris*, 252 Ga. 387 (1) (313 SE2d 88) (1984); *Robeson v. Intl. Indem. Co.*, 248 Ga. 306, 307 (1) (282 SE2d 896) (1981).

In *Robeson*, the Supreme Court of Georgia found no equal protection violation in the alleged discrimination resulting from the doctrine of interspousal immunity. 248 Ga. at 307. The Court reviewed with approval other jurisdictions' holdings that found "a reasonable relationship to the promotion of domestic tranquility interest sought to be furthered by it," and noted "the doctrine applies to husbands as well as wives." (Citations and punctuation omitted.) Id. at 307-308. We are bound by the decisions of the Supreme Court. 1983 Ga. Const., Art. VI, Sec. VI, Par. VI; *Hewitt v. Walker*, 234 Ga. App. 78 (506 SE2d 215) (1998).

2. We also do not find persuasive Mrs. Dester's second challenge to the doctrine, in which she contends that the Supreme Court of Georgia's holding in *Jones v. Jones*, 259 Ga. 49 (376 SE2d 674) (1989), applies to this case. The *Jones* court held that the application of the interspousal immunity doctrine to wrongful death actions violated the constitutional guarantee of equal protection because it created two classes of wrongful death claimants that were not rationally related to a legitimate state purpose: (1) those whose spouse, child, or parent died due to the negligence of a spouse and who cannot maintain an action for wrongful death; and (2) those whose spouse, child, or parent died due to the negligence of someone other than a spouse and who can maintain an action for wrongful death. Id. at 49-50. The Court noted that the policy considerations supporting the interspousal immunity doctrine — fostering marital harmony and avoiding collusive lawsuits — are absent in a wrongful death action because one spouse has died. Id. In this case, unlike *Jones*, Mrs. Dester did not die as a result of her injuries, and she is still married to the man she has sued. As a result, the Supreme Court's decision in *Jones* does not authorize her to sue her husband.

3. Mrs. Dester argues that, since a wife can sue her husband for property damage under *Hubbard v. Ruff*, 97 Ga. App. 251, 255 (1) (103 SE2d 134) (1958), she should be able to sue her husband for personal injury. However, the *Hubbard* court did not analyze the doc-

trine of interspousal tort immunity but held that a wife had a right to sue her husband for property damage just as a husband had a right to sue his wife for property damage. The court concluded that "this right is necessary in order that a wife may have equal protection of the law respecting her separate estate." Id. This Court's analysis concluding that both spouses may sue each other for property damage does not apply in this suit by a wife against a husband for personal injuries.

4. Finally, Mrs. Dester contends that *Wright v. Wright*, 85 Ga. App. 721 (70 SE2d 152) (1952) allows a child to sue a parent for wilful and wanton misconduct and, therefore, equal protection demands that she be able to bring a similar suit against her spouse. This argument, however, misconstrues *Wright*, which held that a jury question existed as to whether a parent's wilful and wanton misconduct of driving under the influence triggered a child's emancipation under OCGA § 19-7-1 (b) (6). If emancipated, the child could sue because the parent's control was terminated. *Wright* addresses none of the considerations underlying the doctrine of interspousal immunity and is inapplicable to this case.

For these reasons, we conclude the trial court did not err in granting summary judgment to Mr. Dester.

### Case No. A99A0931

Jenkins Construction cross-appeals the trial court's denial of its motion for summary judgment on Linda Dester's claims against it based on respondeat superior, negligent entrustment, and negligent hiring and retention.

5. Jenkins Construction argues that no evidence shows Danny Dester was acting within the course and scope of his employment when he wrecked the company truck and, thus, the company is not liable for Mr. Dester's actions under a respondeat superior claim.

A presumption arises that an employee is acting within the scope of his employment when he is driving his employer's car, but the employer can rebut that presumption in a suit against it for damages under respondeat superior. If the employer does rebut that presumption, then the opposing party must show "other facts" indicating that the employee was acting within the scope of his employment in order to survive summary judgment. *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 778 (257 SE2d 186) (1979); *Gordy Constr. Co. v. Stewart*, 216 Ga. App. 882, 883 (456 SE2d 245) (1995).

In this case, Mr. Dester testified that he had finished work around noon the day of the wreck, at least seven hours before the wreck. At the time of the accident, he was returning home after taking his family out to dinner. With this testimony, Jenkins Construc-

tion rebutted the presumption that Mr. Dester was acting within the scope and course of his employment. Mrs. Dester then had the burden of coming forward with "other facts" showing Mr. Dester was acting within the scope of his employment to survive summary judgment.

Mrs. Dester argued in her appellate brief that "other facts" showing her husband was acting within the scope of his employment included the following: he was subject to being on 24-hour call; he had his tools in his truck; he could use his truck for his personal affairs as a "perk" of his employment; and "a great deal of the drinking" took place in the company truck earlier in the day when Mr. Dester gave a fellow employee a ride home. However, while Mr. Dester was subject to being on 24-hour call for emergencies, the undisputed evidence showed he was not in fact on call the evening of the collision. Mr. Dester testified he left work around noon that day and gave a fellow employee a ride home. The company's two-way radio was not in the truck the day of the wreck, so his employer could not have contacted him while he was having dinner out with his family. The employer testified that if he could not reach Mr. Dester at his home telephone after working hours, he would just call the next person in line.

This evidence fails to show through other facts that Mr. Dester was acting within the scope and course of his employment when he wrecked the truck; therefore, the trial court erred in denying Jenkins Construction's motion for summary judgment on Mrs. Dester's respondeat superior claim. *Evans v. Dixie Fasteners*, 162 Ga. App. 74, 75 (1) (290 SE2d 172) (1982) (being on call 24 hours a day does not necessarily mean employee was in the service of his employer when collision occurred).

6. Jenkins Construction argues the trial court erred in denying its motion for summary judgment on Mrs. Dester's negligent entrustment claim. For Jenkins Construction to be liable under that doctrine, Mrs. Dester must show the company had actual knowledge that Mr. Dester was an incompetent driver, in this case by his "known habit of recklessness." *Gunn v. Booker*, 259 Ga. 343, 347 (3) (381 SE2d 286) (1989); *Wilson v. Ortiz*, 232 Ga. App. 191, 194-195 (2) (501 SE2d 247) (1998). Evidence the employer knew the employee had a pattern of incompetence, or facts from which such knowledge could be reasonably inferred, can constitute sufficient circumstantial evidence to create a jury question on actual knowledge. *Collins v. Everidge*, 161 Ga. App. 708, 710 (2) (289 SE2d 804) (1982).

Mrs. Dester does not assert that Jenkins Construction had actual knowledge that Mr. Dester was drinking and driving the evening of the collision. Rather, she argues that Jenkins knew Mr. Dester had a pattern of driving while impaired, because he had

driven home after drinking at Christmas parties or barbecues and because Mr. Dester had previously been fired from Jenkins Construction for having marijuana seeds in his car. However, Jenkins testified that he had seen Mr. Dester drink only a couple of beers at these parties, never liquor, and had never seen him impaired or intoxicated. He also testified that he had fired Mr. Dester in 1988 or 1989 after the prime contractor on a job found marijuana seeds in his car but that Mr. Dester said they were not his and that he did not use the drug. Jenkins rehired him a couple of years later after Mr. Dester again said he was not involved with drugs.

We have held evidence insufficient to show negligent entrustment when the car owner knew the driver had a drinking problem, when the employer knew an employee had beer cans in the company vehicle and drank on the premises, and also when the employer knew some employees bought beer when they fueled the company trucks. *Clark v. Cox*, 197 Ga. App. 83, 84 (1) (397 SE2d 598) (1990); *Carolina Cable Contractors v. Hattaway*, 226 Ga. App. 413, 416 (487 SE2d 53) (1997). As in those cases, the evidence Mrs. Dester presented in this case neither shows actual knowledge nor creates a reasonable inference that Jenkins Construction knew Mr. Dester drove while impaired by alcohol. The trial court erred in denying Jenkins Construction's motion for summary judgment on Mrs. Dester's negligent entrustment claim.

7. Finally, Jenkins Construction contends the trial court erred in denying summary judgment on Mrs. Dester's negligent hiring and retention claim. We agree.

In *Lear Siegler v. Stegall*, 184 Ga. App. 27 (360 SE2d 619) (1987), the defendant's employee had an automobile accident while he was driving a company-supplied vehicle to work. The plaintiff claimed that the defendant was negligent in hiring the employee, but we held that the theory of negligent hiring was conceptually inapplicable when the tortious conduct was committed outside the scope of employment. Id. at 28. In *Harvey Freeman & Sons, Inc. v. Stanley*, 259 Ga. 233, 234 (1) (378 SE2d 857) (1989), our Supreme Court explained the rationale of *Lear Siegler* and created the following exception:

[T]he holding in *Lear Siegler* acts to shield employers from liability for those torts his employee commits on the public in general, whereas the evidence in this case is that the two minor female plaintiffs probably never would have even met the Clarks or gone to their apartment if the Clarks had been merely tenants, and that their whole relationship began because she was the resident manager. Thus, even aside from the fact that Mrs. Clark was expected to be available to

the tenants 24 hours a day, the landlord's potential liability could rest on the special landlord-tenant relationship, even for acts which occurred in other than normal office hours and in other locations than the apartment complex.

Id.; see also *New Madison South &c. v. Gardner*, 231 Ga. App. 730, 734 (2) (499 SE2d 133) (1998).

In this case, Mr. Dester was not acting within the course and scope of his employment, and Mrs. Dester's relationship with Mr. Dester arose out of her marriage to him, not out of his employment with Jenkins Construction. As a result, the trial court erred in denying Jenkins Construction's motion for summary judgment on Mrs. Dester's negligent hiring and retention claim.

*Judgment affirmed in Case No. A99A0930. Judgment reversed in Case No. A99A0931. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 19, 1999 —
RECONSIDERATIONS DENIED NOVEMBER 8, 1999 —

*Jones, Boykin, Stacy & Associates, Noble L. Boykin, Jr.*, for Linda Dester.

*Brannen, Searcy & Smith, David R. Smith, Robert L. Jenkins, Beverly G. O'Hearn*, for Danny Dester et al.