## A02A0306. SPENCER v. GARY HOWARD ENTERPRISES, INC.
(568 SE2d 763)

MIKELL, Judge.

George Strickland, an employee of Gary Howard Enterprises, Inc., ran a stop sign while driving a truck owned by Howard Enterprises. The truck collided with Robert Spencer's motorcycle, injuring Spencer. Spencer sued Howard Enterprises on theories of respondeat superior, negligent hiring, and negligent entrustment, claiming that Strickland was acting within the scope of his employment and that his alcohol-impaired driving was a proximate cause of the collision. The trial court granted summary judgment to Howard Enterprises, and Spencer appeals.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law.[1] To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim.[2] Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.[3]

So viewed, the record shows that Howard Enterprises first hired Strickland in 1991 or 1992 as a part-time laborer; he left in 1992 after performing satisfactorily. Howard Enterprises rehired Strickland in 1996. At that time Strickland told Gary Howard, the principal of Howard Enterprises, that he did not have a driver's license because of a DUI "approximately 10 years earlier." Strickland at-

---

[1] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[2] Id.
[3] *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

tended a driver's education course and regained his license. Howard Enterprises then provided Strickland with a truck for the purpose of picking up materials, and for taking Strickland and his co-workers to and from work. Howard had no knowledge that Strickland drank on the job and was not told by anyone that Strickland had a drinking problem.

On May 28, 1997, Strickland worked from 7:00 a.m. to 4:00 p.m. and then left in the truck to take his co-workers home. About 7:30 or 8:00 p.m. that evening, Howard received a telephone call from Strickland's girlfriend, who told him that she had seen Strickland driving the truck around 6:00 p.m., and that she believed Strickland was drinking while driving. Howard called the sheriff's department, and the dispatcher agreed to put out an all-points bulletin on the truck. The dispatcher called back to inform Howard that Strickland had been in an accident in Howard's truck. The collision between Strickland and Spencer occurred around 9:30 p.m. that evening.

The only affidavit introduced by Spencer was that of his mother, who affirmed that when she went to the hospital after her son's accident, "[she] heard George Strickland's sister telling Teresa Hall that she had warned Gary Howard to not allow George Strickland to drive the company truck because of his drinking habits because she believed that someone would end up getting hurt."

The trial court granted summary judgment to Howard Enterprises because (1) Howard Enterprises rebutted the presumption that Strickland was operating the truck in the scope of his employment, and Spencer failed to show other facts sufficient to raise a genuine issue of material fact on his claim of respondeat superior; (2) Strickland's claim of negligent hiring was not applicable as the alleged tortious conduct occurred outside the scope of employment; and (3) Strickland's claim of negligent entrustment failed because he could not show that Howard Enterprises had actual knowledge that Strickland was an incompetent driver or habitually reckless. We agree with the reasoning of the trial court and affirm.

1. An employer is liable for its employees' torts committed "in the prosecution and within the scope of the employer's business."[4] When an employee is involved in a collision while operating his employer's vehicle, a presumption arises that the employee was acting in the scope of his employment.[5] The employer can rebut this presumption by clear, positive, and uncontradicted evidence.[6] Howard Enterprises rebutted the presumption through Howard's affidavit, which showed that at the time of the collision Strickland was operating the truck

[4] *Crane Bros., Inc. v. May*, 252 Ga. App. 690, 691 (556 SE2d 865) (2001).
[5] *Watkins v. Jackson*, 215 Ga. App. 380, 381 (451 SE2d 111) (1994).
[6] *Collins v. Everidge*, 161 Ga. App. 708 (1) (289 SE2d 804) (1982).

without permission and was not performing any duty in furtherance of his employment.[7]

Spencer claims that Strickland could have been driving home at the time of the accident, raising a question of fact as to whether the collision occurred while Strickland was still within the scope of his employment. But Strickland's workday ended at 4:00 p.m., and the collision occurred around 9:30 p.m. that evening. No reasonable inference can be drawn from the record that shows Strickland was still using the truck in furtherance of his employment.

2. Spencer also argues that Howard Enterprises was negligent in hiring Strickland. The rule is that a claim based on negligent hiring cannot be maintained where the employee's tortious act was committed outside the scope of employment[8] and on the public in general.[9] Accordingly, as Strickland was not acting within the scope of his employment, and Strickland had no work-related connection to Spencer, the trial court correctly granted summary judgment to Howard Enterprises on Spencer's claim for negligent hiring.

3. Spencer's other enumerations of error are based on the theory of negligent entrustment. "Liability for negligent entrustment is predicated upon a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless."[10] An employer's knowledge of a series of serious driving infractions by an employee can be sufficient to create an issue of fact on the issue of negligent entrustment.[11] Spencer points to evidence that Howard had actual knowledge that Strickland had been convicted of a DUI and that he did not have a driver's license when he was rehired and argues that this evidence is in and of itself sufficient to establish an issue of material fact. But it also appears that Howard had actual knowledge of only one DUI, which Strickland told him happened ten years earlier, and that Strickland took driver's education courses and regained his driver's license before he was entrusted with the use of the company truck. Although a DUI does show recklessness in drinking while driving, "the conduct of the driver must show a pattern of continued recklessness known to the owner."[12] We have previously found an owner's

---

[7] See *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 780 (257 SE2d 186) (1979).

[8] See *Dester v. Dester*, 240 Ga. App. 711, 715 (7) (523 SE2d 635) (1999); *Lear Siegler, Inc. v. Stegall*, 184 Ga. App. 27, 28 (360 SE2d 619) (1987).

[9] See *Dester*, supra.

[10] (Punctuation omitted.) *Trent v. Franco*, 253 Ga. App. 104, 109 (2) (558 SE2d 66) (2001).

[11] *Ed Sherwood Chevrolet v. McAuley*, 164 Ga. App. 798, 799-802 (1) (298 SE2d 565) (1982).

[12] (Emphasis omitted.) *Saunders v. Vikers*, 116 Ga. App. 733, 736 (7) (158 SE2d 324) (1967).

knowledge of a single instance of reckless driving was not sufficient to establish actual knowledge of habitual recklessness.[13] Here, knowledge of a *pattern* of recklessness would reasonably require knowledge of more than a ten-year-old DUI.[14]

Spencer further argues that Howard's actual knowledge of Strickland's DUI, paired with Strickland's lack of a driver's license at the time of hiring, should have put Howard on notice that further investigation was necessary before giving Strickland use of the truck, and that this investigation would have shown additional incidents of Strickland's drinking while driving. We have declined to impose a duty of investigation on those subject to a claim of negligent entrustment, even in the context of the employer/employee relationship.[15] "The entrustor is not liable merely because he or she, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver."[16]

Finally, Spencer argues that he has presented evidence that Howard knew of Strickland's dangerous driving habits because Strickland's sister warned Howard about letting him use the company truck. The affidavit from Spencer's mother shows that she did not overhear the alleged conversation, but overheard Strickland's sister telling a third party that the conversation had occurred. This is inadmissible hearsay and is not competent evidence of the alleged conversation for purposes of summary judgment.[17]

We conclude that Spencer cannot show evidence sufficient to create an issue of material fact on any of his theories of recovery and affirm the order of the trial court granting summary judgment to Howard Enterprises.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 1, 2002 —
RECONSIDERATION DENIED JULY 19, 2002

*Alexander J. Repasky, Gerald W. Abendroth,* for appellant.
*Coleman, Talley, Newbern, Kurrie, Preston & Holland, William E. Holland, Douglas C. Rogers,* for appellee.

---

[13] Id.

[14] See, e.g., *Security Life Ins. Co. &c. v. Clark,* 273 Ga. 44, 47 (2) (535 SE2d 234) (2000) (a "pattern" requires at least two incidents).

[15] *Gill Plumbing Co. v. Macon,* 187 Ga. App. 481, 484 (2) (370 SE2d 657) (1988).

[16] (Punctuation omitted.) *Carolina Cable Contractors v. Hattaway,* 226 Ga. App. 413, 415 (487 SE2d 53) (1997) (physical precedent only).

[17] *Hassell v. First Nat. Bank &c.,* 218 Ga. App. 231, 234 (2) (461 SE2d 245) (1995).