**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 21, 2023

# In the Court of Appeals of Georgia

A23A0553. RILEY et al. v. BARRERAS.

MCFADDEN, Presiding Judge.

Anthony Barreras filed a personal injury action arising out of a motor vehicle collision against Maxwell Riley, Fellowship Deliverance Ministries, Inc., and William Coleman. Riley and Fellowship moved for summary judgment as to Barreras' claims against them for negligent entrustment of a vehicle to Coleman and vicarious liability for Coleman's alleged negligence while acting as their employee or agent. After a hearing, the trial court denied the motion, but issued a certificate of immediate review. We granted Riley and Fellowship's application for interlocutory appeal, and this appeal followed. Because Riley and Fellowship have shown that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law, we reverse.

1. *Summary judgment.*

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' OCGA § 9-11-56 (c)." *In the Matter of Tapley*, 308 Ga. 577, 580 (842 SE2d 36) (2020) (punctuation omitted). "On appeal from a ruling on a motion for summary judgment, we conduct a de novo review, viewing the evidence in the record and all inferences therefrom in the light most favorable to the nonmoving party." *Tyner v. Matta-Troncoco*, 305 Ga. 480, 481 (1) (826 SE2d 100) (2019).

So viewed, the evidence showed that Riley owns Fellowship, which operates a homeless shelter where Coleman was a transient resident. On April 19, 2014, Coleman drove a car, which was owned by Riley and insured by Fellowship, to an auto parts store. Coleman, who was listed as an approved driver on the insurance policy, parked the car on a hill in the store's parking lot. After Coleman got out of the car, it rolled down the hill and into a roadway, striking a vehicle operated by Barreras.

2. *Negligent entrustment.*

Riley and Fellowship assert that they are entitled to summary judgment on Barreras's claim for negligent entrustment because there is no evidence that they had actual knowledge that Coleman was an incompetent or habitually reckless driver. We agree.

> Under the theory of negligent entrustment, liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his vehicle to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness.

*Dougherty Equip. Co. v. Roper*, 327 Ga. App. 434, 438-430 (2) (757 SE2d 885) (2014) (citation, punctuation, and emphasis omitted). See also *Quynn v. Hulsey*, 310 Ga. 473, 479 (850 SE2d 725) (2020) ("the essential elements of negligent entrustment includ[e] actual knowledge of the incompetence or recklessness of the person to whom the instrumentality in question is entrusted") (citation and punctuation omitted). "The entrustor is not liable merely because he or she, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver." *Western Indus., Inc. v. Poole*, 280 Ga. App. 378, 381 (2) (634 SE2d 118) (2006) (citation and punctuation omitted).

3

Riley and Fellowship have demonstrated the absence of any evidence that they had actual knowledge that Coleman was an incompetent or habitually reckless driver. Riley testified by affidavit and deposition that he did not have any such knowledge. "This specific denial of any knowledge that [Coleman] was incompetent to drive negated [Barreras'] pleadings, requiring [him] to set forth specific facts showing a genuine fact issue." *Carolina Cable Contractors v. Hattaway*, 226 Ga. App. 413, 414 (487 SE2d 53) (1997). See also *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (when a defendant moving for summary judgment shows the absence of evidence supporting an essential element of the plaintiff's case, the plaintiff must point to specific evidence giving rise to a triable issue and cannot rest on his pleadings); *Upshaw v. Roberts Timber Co.*, 266 Ga. App. 135, 138 (2) (596 SE2d 679) (2004) ("entrustor's denial of having knowledge that the driver was incompetent or habitually reckless shifts the burden to the plaintiff to set forth specific facts showing a genuine fact issue").

Barreras, however, has not pointed to any specific evidence creating a genuine issue of material fact. As an initial matter, we note that Barreras has not filed an appellate brief, so he has failed to direct this court to any evidence in the record giving rise to a triable issue. Moreover, a review of his trial court brief opposing the

4

motion for summary judgment reveals that while he argued that Riley and Fellowship had actual knowledge of Coleman's dangerous propensities, he offered no evidence to support that argument. Barreras cited no evidence showing that Coleman was an incompetent or habitually reckless driver or that the defendants had actual knowledge of any such incompetence or habitual recklessness. Rather, he relied on evidence that Coleman had permission to drive the vehicle and was listed as an additional driver in Fellowship's insurance policy.

"But whether [Coleman was an insured driver who] used the [car] with [the appellants'] permission . . . is irrelevant. Even assuming [those facts], the issue is whether [Riley and Fellowship] entrusted the [car] to [Coleman] with actual knowledge of his incompetence or habit of recklessness." *Carolina Cable Contractors*, supra at 415. Because Barreras has failed to point to any evidence of such actual knowledge, the trial court erred in denying the motion for summary judgment on this negligent entrustment claim. See *Marshall v. Whaley*, 238 Ga. App. 776, 779-780 (3) (520 SE2d 271) (1999) (summary judgment appropriate on negligent entrustment claim where no evidence defendant had actual knowledge of driver's incompetence).

3. *Vicarious liability.*

5

Riley and Fellowship argue that the superior court also erred in denying summary judgment to them on Barreras' vicarious liability claim because he offered no evidence to support his claims of an employment or agency relationship between them and Coleman. Again, we agree.

"In Georgia[, o]wnership of a vehicle alone is not sufficient to establish an owner's liability. There must be more, such as a master-servant or agency relationship." *Alamo Rent-A-Car v. Hamilton*, 216 Ga. App. 659, 660 (455 SE2d 366) (1995) (citations and punctuation omitted). In this case, Barreras has failed to show that there is a genuine issue of material fact as to his claims of either an employment or agency relationship.

(a) *Employment relationship.*

> The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise. This must be done by clear, positive and uncontradicted evidence.

6

*Allen Kane's Major Dodge, Inc. v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979) (citations and punctuation omitted).

In this case, there is no evidence that Coleman was an employee or servant of the appellants. Riley gave uncontradicted testimony that Coleman was never employed by him or Fellowship. Again we note that Barreras has filed no appellate brief citing any contrary evidence. And in his trial court response to the motion for summary judgment, he pointed to no evidence showing an employer-employee relationship. The trial court therefore erred in denying summary judgment on the vicarious liability claim alleging that Coleman was an employee of Riley or Fellowship.

(b) *Agency relationship.*

> Agency is not limited to the relationship of employee and owner; instead, the relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf. To that end, the fact of agency may be established by proof of circumstances, apparent relations, and the conduct of the parties. Direct evidence of an agency relationship is not required and even scant factual support may suffice. The burden of proof rests with the party asserting an agency relationship.

7

*Doherty v. Brown*, 339 Ga. App. 567, 586 (8) (794 SE2d 217) (2016) (citations and punctuation omitted), reversed on other grounds in *Southeastern Pain Specialists, P.C. v. Brown*, 303 Ga. 265 (811 SE2d 360) (2018).

Barreras has not carried his burden of presenting evidence of an agency relationship. In the trial court, he argued that there was an agency relationship based on the insurance policy and the fact that Coleman was allowed to drive the car. But such evidence did not show that Riley and Fellowship authorized Coleman to act as an agent on their behalf. On the contrary, Riley deposed that on the date in question he did not know that Coleman had taken the vehicle or why he had driven to the auto store. He also swore by affidavit that Coleman had never been an agent or employee for him or Fellowship. "The existence of an agency relationship between [Coleman] and [Riley or Fellowship] was conclusively negatived by the unrefuted affidavit[] and deposition[]. This uncontradicted evidence pierced the pleadings and made out a prima facie right to summary judgment on this issue." *Liddy v. Hames*, 177 Ga. App. 517, 518 (2) (339 SE2d 778) (1986) (citations and punctuation omitted). Accord *Johnson v. Medlin*, 178 Ga. App. 650, 651 (344 SE2d 504) (1986).

*Judgment reversed. Brown and Markle, JJ., concur*.