24530. SWINNEY, Administratrix v. REEVES et al.

ARGUED MARCH 12, 1968—DECIDED APRIL 4, 1968—REHEARING DENIED APRIL 22, 1968.

*Marson G. Dunaway, Jr.,* for appellant.

*James I. Parker,* for appellees.

DUCKWORTH, Chief Justice. After consideration of all the evidence, this case becomes one of law and depends upon which of two judgments in the three court proceedings introduced in evidence is binding and controlling upon the parties as to the title and ownership of certain property. The uncontested facts show the representative of the estate of a deceased sister is claiming the property against the widow of the intestate's deceased brother. All parties admit the purchase of the property by the deceased brother by warranty deed which is stipulated in evidence.

In 1960, after the widow of the deceased brother had been awarded in 1959 the property in question, in a year's support proceeding, the sister, now intestate, filed an equitable action claiming equitable title by reason of an alleged implied trust in her brother who allegedly purchased the property with funds of the sister, but who failed and refused to put legal title in her before his death. This petition prayed for equitable relief to avoid a cloud on the property and a decree of title in her favor. After a hearing, a general demurrer was sustained with the petitioner allowed 15 days to amend. No amendment was thereafter filed, and under the ruling in *Northside Manor v. Vann,* 219 Ga. 298 (133 SE2d 32), this judgment became final and is res judicata as to the right of the intestate to set up her claim as superior to the brother or his privies, or as to any other issue such as title by adverse possession which might have been put in issue in that case. See *Code* §§ 110-501, 110-504, 38-623.

Thereafter, in 1963, the widow sought to oust the sister, now intestate, in a dispossessory warrant proceeding, which appears to have been one involving a comedy of errors. See *Reeves v. Reeves,* 105 Ga. App. 333 (124 SE2d 671). However, the Court

of Appeals' decision is not controlling or involved here but only mentioned to show the history of the case. Thereafter, the dispossessory warrant was finally dismissed on demurrer of the defendant (now intestate) for failure of the widow to meet the following defects by amendment pointed out in the sustained demurrer: (1) the dispossessory warrant affidavit was not signed by anyone; (2) it contains two affidavits, one alleging the tenant is holding over and non-payment of rent, yet the other showing she resided with her deceased brother until his death and now refuses to give possession; and (3) the signed affidavit fails to show the person signing as agent is employed as attorney for the plaintiff. The sister's answer merely alleged the defendant was not holding over as tenant but as owner by purchase and does not hold the premises "from the said Rendie Reeves [widow] or I. B. Reeves [the deceased brother]," but by amendment set up the same allegations of purchase by the brother, I. B. Reeves, in trust for herself, claiming equitable title. However, no equitable prayer for relief is shown. Thus, regardless of whether or not the lower court was correct in dismissing the dispossessory warrant on the grounds of demurrer alleged, it appears that, although no appeal was taken from this judgment, it was an adjudication that no rent was due and did not again put in issue the question of title admitted to be in the brother previously decided adversely to the appellant. See *Code* §§ 110-503, 110-504; *Evans v. Birge,* 11 Ga. 265; *Bradley v. Johnson,* 49 Ga. 412; *Sumner v. Sumner,* 186 Ga. 390 (2) (197 SE 833). Since the dismissal did not adjudicate title and the answer admits the legal title in the deceased brother, it follows that this judgment did not overcome the earlier final adjudication in favor of Mrs. Rendie Reeves against the appellant. While it is true as contended by counsel that the general demurrer in addition to the ground that no cause of action was alleged, contained the further ground of want of jurisdiction, which was also made in a plea, the order of the trial judge in ruling on the demurrers "decreed that the general demurrer to plaintiff's petition . . . is sustained," which was a ruling on the merits that no cause of action was alleged. Thus the judgment unappealed from became final and is now res judicata as to the same issues sought to be raised in the present case.

While 20 years' adverse possession had not been held at the time of that judgment, further possession could not legally be based upon a claim of title which that judgment settled otherwise, and hence could not thereafter ripen into prescriptive title.

It follows that the court did not err in sustaining the summary judgment motion in favor of the appellees and against the appellant.

*Judgment affirmed. All the Justices concur.*