## 27620. COSTELLO v. COSTELLO.

NICHOLS, Justice. The present appeal is from a judgment in a case in the nature of a habeas corpus action, wherein a divorced father sought to secure custody of his minor children from their mother.

The record discloses that the couple was married at Phenix City, Alabama in 1964. Two children were born as a result of such marriage and in June 1972 a divorce was granted the husband in Greene County, Illinois. The divorce decree granted custody of the children to the father and further found that the mother was not a fit and proper person to have custody of the children. In May, 1972, after the divorce complaint was filed in Greene County, Illinois, but before the decree was granted, the wife filed a divorce complaint in Gordon County, Georgia. The husband filed a plea of res judicata to the Gordon County complaint and on August 31, 1972, the wife voluntarily dismissed her divorce complaint. On September 15, 1972, the trial judge rendered a judgment based on a hearing of August 31, 1972, in which he sustained the plea of res judicata and dismissed the wife's divorce complaint.

On September 25, 1972, the present complaint in the nature of a habeas corpus complaint was filed by the divorced father to recover custody of the couple's children allegedly being illegally restrained by their mother. On the hearing of the issue thus made the plaintiff father introduced a certified copy of the Gordon County, Georgia record which included a copy of the Greene County, Illinois proceedings, and thereafter the trial court entered a judgment awarding the children to the plaintiff father. The appeal is from this judgment and the enumerations of error relate to the admission of the Greene County, Illinois record into evidence. *Held:*

The Gordon County Superior Court judgment which recognized the Greene County, Illinois judgment and gave it full faith and credit was not a void judgment. The Gordon County court had jurisdiction of the parties and the subject matter. Not being a void judgment, it cannot be attacked collaterally. See *Thomas v. Lambert,* 187 Ga. 616 (1 SE2d 443), and cits. The judgment of the Gordon County Superior Court was a valid judgment until set aside or reversed. *Swinney v. Reeves,* 224 Ga. 274 (161 SE2d 273).

The trial court did not err in admitting in evidence a properly authenticated copy of such record and judgment, and the Greene County, Illinois record and judgment being a part of the Gordon County record was not inadmissible as being a photographic copy. The certification of the Gordon County proceedings included the Greene County, Illinois record and judgment.

Whether the divorce action was still within the breast of the Gordon Superior Court at the time of the decree recognizing the Greene County, Illinois decree cannot be decided in a collateral attack upon such judgment, and while the trial court in this case ruled that it was still in the breast of the court, such a finding was not necessary to the judgment rendered and was, therefore, not harmful to the appellant if indeed such finding was error.

No reversible error being shown, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 11, 1972 — DECIDED JANUARY 4, 1973.

*Guy B. Scott, Jr.,* for appellant.
*Denny C. Galis,* for appellee.