## 55623. SHMUNES v. GENERAL MOTORS CORPORATION et al.

SHULMAN, Judge.

Appellant brought suit against 11 parties to recover for injuries allegedly sustained as a result of an automobile collision. This appeal follows the grant of summary judgments in favor of six of the defendants. We affirm the judgments.

1. Appellant urges that the trial court erred in not allowing plaintiff more time for discovery. See Code Ann. § 81A-156 (f). We disagree.

This may very well be a case where, as counsel states in his brief, appellant was overwhelmed by too many defensive pleadings and motions of too many defendants filed too soon for her counsel to handle. The fault here, however, if there is any, lies not in the trial court's refusal to grant plaintiff's request for continuance, but in the development of the case. The record is devoid of any discovery, requests for admissions, or notices to take depositions addressed to any of the appellees herein. Appellant made her request for continuance pursuant to § 81A-156 (f) on August 24, 1977. The motions for summary judgment were argued at a hearing on November 1, 1977. During the interval, so far as the record shows, appellant took no action whatsoever concerning these defendants.

Under these circumstances, the trial court properly entertained arguments for summary judgment in spite of the motion for continuance. See *Calcutta Apts. Assoc. v. Linden & Deutsch,* 131 Ga. App. 743, 744 (206 SE2d 559).

2. Among the legal theories asserted as a basis for liability, appellant sought to predicate legal liability on certain acts or omissions of appellees which allegedly contributed to the automobile's being on the road at the moment of the collision.

Appellant's complaint alleged that Roy Meeler, who sold the car eventually operated by defendant-driver, obtained a car tag by falsely representing that the vehicle was insured, that insurance on the vehicle had been canceled by Meeler five days prior to application for the tag, and that this misrepresentation was part of a scheme, in violation of Code Ann. § 56-9915.2, to allow the

purchaser to operate the car without mandatory liability insurance. The complaint also named Great Central Insurance Co., an independent insurance agent, J. D. Parham, and the agent's employee, May Dulaney, as defendants, alleging that these defendants had failed to notify the Department of Public Safety that Meeler's liability insurance had been canceled. Suit was brought against Harriet Browning, the tax commission employee who issued the renewal tag for the car, for her failure to require adequate proof of insurance. Appellant submits that but for these cumulative acts or omissions, the tag on the car would have been required to be surrendered and the car would not have been allowed to operate on the public highways. See Code Ann. § 56-3412 (b).

"A consequence of [the alleged conduct which contributed to the operation of the car driven by defendant driver without liability insurance] such as we have in this case is not that the [violators are] liable as a matter of public policy for the negligence of [the uninsured] driver of a vehicle. . .Such a consequence does not follow from the driving of a vehicle without [liability insurance], because the illegality of the use does not constitute the proximate cause of the damages. No such legal consequence of the violation of a statute can be held to be the intention of the General Assembly without specific provision therefor upon the principles of the public policy of the state." *Cambron v. Cogburn,* 116 Ga. App. 373 (2) (157 SE2d 534).

A breach to the state does not necessarily involve a breach to the plaintiff. *Ga. Power Co. v. Jones,* 54 Ga. App. 578, 587 (188 SE 566). Under the pleadings and the evidence, no actionable negligence was attributable to these appellees, and the trial court properly granted summary judgments.

3. Appellant's complaint alleged that Ray Hanson, the owner of the wrecker service that towed the vehicle operated by defendant-driver after the collision, was liable by reason of an ownership interest in the car and an agency relationship with the driver. On those same theories, Roy Meeler was sought to be held accountable.

Issues of fact as to ownership, if any, are not genuine issues of material fact that would preclude summary

judgment as to these appellees. "Ownership of the vehicle alone is insufficient to establish liability on the part of the owner. . ." *Price v. Starr Service &c. Corp.,* 119 Ga. App. 171, 174 (166 SE2d 593).

The existence of any agency relationship between these appellees and the defendant-driver was conclusively negatived by the unrefuted affidavits of Hanson and Meeler. This uncontradicted evidence pierced the pleadings and made out a prima facie right to summary judgment on this issue. *Central Chevrolet v. Lawhorn,* 120 Ga. App. 650 (1) (171 SE2d 774).

4. Generally, this writer is philosophically inclined to be skeptical of summary adjudication and reviews such judgments with the greatest of care. This writer also recognizes, however, that summary resolution has its place. The efficient and orderly dispensation of justice is enhanced when unnecessary and protracted litigation is avoided.

Plaintiff has a right to have her claims considered in the courts of this state. Defendants also have correlative rights which are entitled to consideration. After due consideration of the claims against the six appellees herein, we hold that summary judgments were appropriate. No other conclusion is permissible.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED APRIL 10, 1978 — DECIDED JULY 3, 1978.

*Carl P. Savage, Jr.,* for appellant.

*J. David Chestnut, Fortson, Bentley & Griffin, J. Edward Allen, Thomas A. Nash, Jr., Dennis, Corry, Webb, Carlock & Williams, D. J. Webb, Donald M. Fain, Grady C. Pittard, Jr., Wendell T. Dawson, King & Spalding, Lanny B. Bridgers, Jim Watkins,* for appellees.