71599. JOHNSON v. MEDLIN et al.
(344 SE2d 504)

BENHAM, Judge.
Appellant brought suit for damages arising from a collision involving a vehicle owned by DeArmon Datsun, Inc. ("DeArmon") and driven by Medlin, an employee of DeArmon. Supported by an affidavit from Medlin swearing that on the occasion of the collision he was on a purely personal mission and was not acting in the scope of his employment, DeArmon moved for summary judgment, the grant of which is the subject of this appeal.

Appellant's claim that DeArmon is liable under the theory of re-

spondeat superior is based on DeArmon's ownership of the car and Medlin's employment by DeArmon. " 'Ownership of the vehicle alone is insufficient to establish liability on the part of the owner.' [Cit.]" *Shmunes v. Gen. Motors Corp.*, 146 Ga. App. 486 (3) (246 SE2d 486) (1978). The unrefuted evidence in this case is that Medlin was using DeArmon's car for his own purposes, not DeArmon's, when the collision occurred. "The existence of any agency relationship between [Medlin] and [DeArmon] was conclusively negatived by the unrefuted [affidavit]. This uncontradicted evidence pierced the pleadings and made out a prima facie right to summary judgment on this issue. [Cit.]" Id. See also *Liddy v. Hames*, 177 Ga. App. 517 (339 SE2d 778) (1986).

Although appellant refers to an affidavit from a witness to the collision, that affidavit is not in the record, the contents of which were specifically designated by appellant, and there is nothing in the trial court's order to suggest that the affidavit was before it when the motion was submitted for decision. "A brief cannot be used in lieu of the record or transcript for adding evidence to the record. [Cits.] We must take our evidence from the record and not from the brief of either party." *Blue v. R. L. Glosson Contracting*, 173 Ga. App. 622 (1) (327 SE2d 582) (1985).

In addition, we note that the contents of the affidavit, a statement that Medlin asked the affiant to call his boss and that a Mr. DeArmon responded to the call and came to the scene of the collision, would not alter the results in this case. While the statement might arguably constitute circumstantial evidence of agency at the time of the collision, it is also consistent with Medlin's denial of agency: it proves no more than that the owner of a borrowed car came to the scene of a collision involving that car. Under these circumstances, appellant's circumstantial evidence is not sufficient, in the face of Medlin's uncontradicted denial that he was engaged in his employer's business at the time of the collision, to prevent the grant of summary judgment to DeArmon. *Allen Kane's &c. Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1986.

*Harold E. Martin*, for appellant.
*Rufus D. Sams III, Louis J. Kirby, James V. Towson*, for appellees.