76103. HOWELL MILL/COLLIER ASSOCIATES v. GONZALES.
(368 SE2d 831)

SOGNIER, Judge.

Howell Mill/Collier Associates (HM/CA) brought an action against Fernando Gonzales, Larry Lee, and Jim Marett, based on their personal guaranty of the lease of Sarita's, Inc., a former corporate tenant of HM/CA. All three defendants filed answers raising affirmative defenses and counterclaims. HM/CA filed a motion for summary judgment against all three defendants, but Lee and Marett thereafter were voluntarily dismissed from the lawsuit by HM/CA. Gonzales opposed the motion for summary judgment, alleging that HM/CA was collaterally estopped from bringing this action because of the judgment in a prior lawsuit it had initiated against Tropikitchen, Inc., the successor in interest to Sarita's, Inc. The trial court denied HM/CA's motion for summary judgment, and dismissed the action based on its finding of collateral estoppel. HM/CA appeals.

The record reveals that HM/CA leased space in a shopping center it was developing to Sarita's, Inc., and that Gonzales, Lee, and Marett signed a personal guaranty covering Sarita's obligations under the lease. When Sarita's experienced financial difficulties, the lease was renegotiated in several respects, including the substitution of Tropikitchen as tenant in place of Sarita's. When, after a period of time, the restaurant was still unable to meet its obligations under the lease, HM/CA brought suit against Tropikitchen. Our analysis of the issues in this appeal necessarily involves a review of the salient facts in the suit against Tropikitchen, Inc. ("the Tropikitchen suit"), although no portion of that action is before this court. The only parties to that action were HM/CA, as plaintiff, which is also the appellant in the case at bar, and Tropikitchen, Inc., as defendant. Neither Sarita's Inc., nor Gonzales, Lee, or Marett was a party to the Tropikitchen suit. Tropikitchen obtained a dismissal of that suit (the "first Tropikitchen dismissal") on the ground that the suit was brought by HM/CA, which did not denote a legal entity. The Tropikitchen suit having been dismissed, HM/CA then filed this action against appellee, Lee, and Marett, and moved for summary judgment. Several days before the hearing on HM/CA's motion, the first Tropikitchen dismissal in the other suit was vacated by consent order agreed to by the parties in that suit, HM/CA and Tropikitchen, Inc. On the day before the summary judgment hearing on HM/CA's motion, the parties in the Tropikitchen suit (HM/CA and Tropikitchen, Inc.), having reinstated the Tropikitchen suit by means of the consent order vacating the first Tropikitchen dismissal, thereafter mutually dismissed without prejudice all claims against each other in that action (the "second Tropikitchen dismissal").

1. Appellant contends the trial court erred by dismissing the ac-

tion sub judice based on collateral estoppel. We agree and reverse. The record shows that no dismissal order in the Tropikitchen suit remained which could have estopped appellant. The record in this appeal affirmatively indicates that the first Tropikitchen dismissal had been vacated, and that the second Tropikitchen dismissal was without prejudice under OCGA § 9-11-41 (a). Even assuming, arguendo, that the first Tropikitchen dismissal was improperly vacated and set aside by means of the consent order, the present action is not a proper forum for addressing that issue. Rather, appellant must avail himself of the procedure set forth in OCGA § 9-11-60 (b) for setting aside a judgment. We have found no authority to support the trial court's conclusion that the preclusive effect of the first Tropikitchen dismissal order survived simply because it was vacated by consent order, and we do not agree that this is a correct statement of the law. The consent order is not void on its face, and a judgment which is not void on its face is valid until it is set aside. *Camera Shop v. G A F Corp.*, 130 Ga. App. 88, 90 (202 SE2d 241) (1973). Since it was not set aside, it operated to vacate the first Tropikitchen dismissal order, and placed the parties to that suit in the status they held before the first Tropikitchen dismissal order was entered, which allowed the voluntary mutual (second Tropikitchen) dismissals without prejudice. Accordingly, no order existed which estopped appellant, and the trial court erred by dismissing this action based on collateral estoppel. That dismissal must, therefore, be reversed.

2. Appellant also maintains the trial court erred by denying its motion for summary judgment, because appellee relied exclusively on his collateral estoppel defense and did not file the documents supporting its other arguments in opposition to appellant's motion until after the hearing, making appellant's motion uncontested. However, the trial court made no decision at the hearing but took the matter under advisement, and it is undisputed that appellee supplied the supporting affidavits before the trial court's decision on the matter. "[E]ven though [OCGA § 9-11-6 (d)] and [OCGA § 9-11-56 (c)] require an opposing affidavit to be served at least one day prior to the summary judgment hearing, the trial court is vested with a discretion to consider affidavits not so served." *Liberty Nat. &c. Ins. Co. v. Houk*, 248 Ga. 111, 112 (1) (281 SE2d 583) (1981). The trial court was thus authorized to consider the evidence submitted by appellee.

Further, in his answer appellee raised the defense of release. Although appellant asserted in its brief in support of the motion for summary judgment that it "ha[d] not released any defendant, either expressly or by operation of law," nothing averred in the only evidence relied on by appellant, the affidavit of Suzanne Bunn, manager of appellant's shopping center, served to pierce appellee's allegations in this regard. However, Bunn did state in her affidavit that she was

familiar with the documents kept in the regular course of appellant's business which are under her supervision, and which were made at or within a reasonable time after the transaction to which the said records relate. Several such documents were attached to the affidavit, including the lease, the guaranty agreement, and the amendment substituting Tropikitchen, Inc. for Sarita's, Inc., as the tenant. The testimony of Bunn provided a proper foundation for the admission of these documents into evidence as business records, and thus we must consider whether these documents pierced appellee's allegation of release.

The guaranty, which was appended to the lease, recited that it was given "[i]n consideration of the letting of the Premises within mentioned to the within named Tenant," i.e., Sarita's, Inc., and provided that the guarantors agreed that the tenant and HM/CA, "its successors or assigns, may make such changes, as may be agreed upon between them with respect to any of the terms, covenants, conditions, agreements, or provisions of the lease without notice to or consent from the undersigned as guarantor." The lease amendment substituting Tropikitchen as tenant is silent as to the guaranty. We cannot say, as a matter of law, based on this evidence alone, whether appellee agreed to guarantee Tropikitchen's indebtedness as well as that of Sarita's. However, even assuming appellee may be said to have consented in advance to any change in the *lease agreement*, it is undisputed that he did not consent to the dismissal of the other two guarantors. We agree with appellee that the dismissal of Lee and Marett was certainly without his consent, and if it operated as a release, would discharge him. See generally *Overcash v. First Nat. Bank*, 115 Ga. App. 499 (155 SE2d 32) (1967). See also OCGA §§ 10-7-20; 10-7-21. Although appellee states in his brief that at the hearing on appellant's motion for summary judgment appellant admitted that he had settled with Lee and Marett, that fact has not been established by proper evidence in this record, since no transcript of that hearing is included in the record. " 'A brief cannot be used in lieu of the record or transcript for adding evidence to the record. [Cits.] We must take our evidence from the record and not from the brief of either party.' [Cit.]" *Johnson v. Medlin*, 178 Ga. App. 650, 651 (344 SE2d 504) (1986). However, because appellant failed to carry its burden of piercing appellee's defense of release, it was not necessary that appellee come forward with evidence sufficient to show the release. Appellant was not entitled to judgment as a matter of law, and the trial court did not err by denying its motion for summary judgment. See generally *Beard v. McDowell*, 174 Ga. App. 793, 794 (1) (331 SE2d 104) (1985).

*Judgment affirmed in part and reversed in part. Deen, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED APRIL 25, 1988.

*John G. Grubb, Jr.*, for appellant.
*Frank P. Samford III*, for appellee.