77726. JONES v. POWELL et al.
(379 SE2d 529)

BEASLEY, Judge.

Jones, pro se, appeals the grant of judgment on the pleadings to Dr. Powell and the grant of summary judgment to Dr. Griffin.[1]

---

[1] Jones also includes, in her enumerations, allegations concerning Dr. Varner and Dr. Lyon. It appears, however, that there are no appealable orders as to these doctors, so the

The injury complained of occurred in July of 1985 when Jones broke her ankle in a fall from a wheelchair to which she is confined. She was taken to Northside Hospital and treated for the broken ankle on July 7. Dr. Powell is the Director of Mental Health and Dr. Griffin treated her ankle. She returned for treatment on July 14 and further sought assistance with detoxification. On July 19, Dr. Lyon signed a Form 2013 resulting in Jones' being taken to Georgia Regional Hospital for evaluation. See OCGA Title 37, Chapter 7; *Davis v. Charter By-The-Sea*, 183 Ga. App. 213 (358 SE2d 865) (1987).

This referral presents the crux of the lawsuit and has been presented to the courts previously by Jones. In *Jones v. Clark*, 182 Ga. App. 871 (357 SE2d 285) (1987) this court affirmed the grant of summary judgment to Northside Hospital and its administrator, Clark, on Jones' malpractice action against them concerning this same incident. Thereafter, Jones filed suit against all of the individual doctors involved with her treatment.

1. Prior to this suit, Jones sued Dr. Griffin for malpractice and her landlady for an alleged conspiracy with Dr. Griffin in Civil Action No. 150449. Dr. Griffin was granted summary judgment in that case on February 8, 1988, and it was not appealed.

The present case, filed on February 17, warranted summary judgment because it is barred by the doctrine of res judicata as to Dr. Griffin. OCGA §§ 9-12-40; 9-12-42; *Winters v. Pund*, 179 Ga. App. 349, 352 (346 SE2d 124) (1986).

2. As to Dr. Powell, this suit was filed more than two years after the acts complained of and is barred by the statute of limitation. OCGA § 9-3-71 (a).

3. Along with the enumerations and brief filed by Jones are numerous documents and affidavits. The record cannot be supplemented by evidentiary matters submitted in an appellate brief. *Roberts v. State*, 186 Ga. App. 824, 825 (1) (368 SE2d 522) (1988); *Johnson v. Medlin*, 178 Ga. App. 650, 651 (344 SE2d 504) (1986).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1989 —
REHEARING DISMISSED MARCH 7, 1989 —

Pauline E. Jones, *pro se*.
*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Arnold E. Gardner, William L. Ballard, E. Jane Simpson*, for appellees.

---

enumerations as to them will not be considered. OCGA §§ 5-6-33; 5-6-34 (a) & (b); 9-11-56 (h).