## A01A1832. BENEDICT v. SNEAD et al.
### (560 SE2d 278)

ANDREWS, Presiding Judge.

At issue is whether the trial court properly dismissed an amendment to a complaint on the basis of res judicata. Because we find that final judgment had been entered on the original complaint, and the amendment attempted to relitigate a claim between the parties concerning the same subject matter which could have been litigated as part of the original complaint, we affirm the trial court's dismissal.

---

Samuel Benedict entered into a contract to buy real property from James and Cheryl Snead. When the Sneads refused to sell citing Benedict's failure to close by the date specified in the contract, Benedict sued the Sneads for specific performance of the contract and sued his real estate broker for negligence. The trial court granted summary judgment on the claim against the Sneads, leaving the claim against the broker pending. Although the trial court did not direct entry of final judgment as to the Sneads pursuant to OCGA § 9-11-54 (b), Benedict elected to pursue an immediate appeal of the summary judgment to the Supreme Court pursuant to OCGA § 9-11-56 (h). In *Benedict v. Snead*, 271 Ga. 585 (519 SE2d 905) (1999), the Supreme Court affirmed the trial court's grant of summary judgment to the Sneads.

After the Supreme Court opinion was issued, Benedict amended his complaint in the trial court by adding a new claim against the Sneads for return of $3,000 he paid as earnest money under the contract. The trial court dismissed the amendment on the basis of res judicata, and Benedict appeals claiming res judicata does not apply.

Under OCGA § 9-12-40 the principle of res judicata is defined as follows:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Thus where there is identity of parties and subject matter, res judicata bars relitigation of matters that were or could have been litigated in an earlier action. *Labovitz v. Hopkinson*, 271 Ga. 330, 332 (519 SE2d 672) (1999). This principle applies to attempts by amended complaint to relitigate matters that were or could have been litigated in the same action. *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (463 SE2d 5) (1995); *Labovitz*, 271 Ga. at 331-332.

Accordingly, we find that res judicata bars the amended complaint in this case. There was identity of the parties and subject matter as well as a final adjudication (summary judgment affirmed by the Supreme Court) on Benedict's claim seeking specific performance of the contract. Benedict's amendment to the complaint seeking return of earnest money he paid pursuant to the contract could have been asserted as an alternative remedy and litigated as part of the original complaint. *CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394, 396-398 (469 SE2d 466) (1996); *Clayton v. Deverell*, 257 Ga. 653, 654 (362 SE2d 364) (1987).

We find no merit to Benedict's claim that there was no final judgment on the claim against the Sneads (and thus no res judicata effect) because another claim remained pending in the case against the broker, and the trial court did not direct entry of final judgment as to the Sneads pursuant to OCGA § 9-11-54 (b).

> [E]ntry of a judgment as to one or more but fewer than all of the claims or parties is not a final judgment under [OCGA § 5-6-34 (a) (1)] and lacks res judicata effect unless the trial court makes an express direction for the entry of the final judgment and a determination [pursuant to OCGA § 9-11-54 (b)] that no just reason for delaying the finality of the judgment exists.

*Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978). However, an exception to this finality rule is provided in OCGA § 9-11-56 (h), which allows but does not require an immediate appeal from the grant of summary judgment to one of the parties even though the judgment is not final under Code sections 5-6-34 (a) (1) and 9-11-54 (b). Id. at 243.

If no appeal is taken pursuant to OCGA § 9-11-56 (h), the effect is that the grant of summary judgment as to that party is not a final judgment during the pendency of the suit and is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." OCGA § 9-11-54 (b). On the other hand, if an appeal is taken pursuant to OCGA § 9-11-56 (h), the trial court is divested by the appeal of the power to revise the summary judgment, and the judgment as to that party becomes final with res judicata effect after it is affirmed on appeal and the right to appellate review has been exhausted. *Lexington Developers v. O'Neal Constr. Co.*, 143 Ga. App. 440, 441 (238 SE2d 770) (1977). It follows that the summary judgment granted to the Sneads became a final judgment with res judicata effect when it was affirmed by the Supreme Court. The trial court properly dismissed the amendment to the complaint on the basis of res judicata.

*Judgment affirmed. Miller, J., concurs. Eldridge, J., concurs in the judgment only.*

DECIDED JANUARY 30, 2002 —
RECONSIDERATION DENIED FEBRUARY 15, 2002.

*Joseph H. King, Jr.*, for appellant.

*McGee & Oxford, Donald L. Cook, Webb, Zschunke, Miller & Dikeman, Dennis J. Webb*, for appellees.