A05A0291. HARDWICK v. WILLIAMS et al.
(613 SE2d 215)

MIKELL, Judge.

This is the second appearance of this case before this Court. As we explained in *Hardwick v. Williams* ("*Hardwick I*"),[1]

> Bobby Hardwick's wife of 30 years died as a result of a cancer-related condition. On the day of her death, John Williams, Hardwick's father-in-law, allegedly made a verbal promise to give Hardwick $3,000 of a life insurance policy over which he had control to help defray burial costs. Williams denies having made such a promise. When Williams subsequently refused to turn over the money, Hardwick filed the present pro se action, suing Williams for both compensatory and punitive damages.[2]

In *Hardwick I*, the trial court granted Williams' motion for summary judgment as to the issue of punitive and consequential damages, but found that a jury issue existed regarding whether the parties entered into an agreement concerning the disposition of the life insurance proceeds. We affirmed the trial court's decision. Subsequent to our decision, Hardwick added the estate of Sarater Williams as a defendant, and the case proceeded to trial, resulting in a verdict for defendants.[3] The trial court entered judgment in favor of defendants. Hardwick filed a discretionary application with this Court, seeking review of the judgment entered on the jury's verdict. We issued an

---

[1] 265 Ga. App. 752 (595 SE2d 596) (2004).

[2] Id. at 752-753.

[3] Because Hardwick waived a court reporter, there is no record of the trial.

order granting the application, explaining that the case is directly appealable under OCGA § 5-6-34 (a) (1), and giving Hardwick ten days from the date of our order to file a notice of appeal. Seven days later, Hardwick filed this pro se appeal of the trial court's entry of judgment in favor of defendants.

1. Though Hardwick appeals the entry of judgment in favor of defendants, his brief does not address the verdict or final judgment in any way. Accordingly, we deem any challenge to the verdict abandoned and affirm the entry of final judgment in favor of defendants.

2. In his sole enumeration of error, Hardwick argues that the doctrines of res judicata and collateral estoppel are inapplicable to this case and that the trial court erred in denying him the right to litigate the issues of punitive and compensatory damages.[4]

In his brief, Hardwick contends that "the lower court erred when it ruled that appellant had litigated the [damages] issues at bar before."[5] Hardwick explains that

> Appellant was forced to trial without the right to litigate the issues of damages, rather Appellant was forced to argue only the issue of the verbal contract in the amount of $3,000.00. [Moreover,] [o]n July 27, 2004, Appellant filed a Damage Suit in the Superior Court of Richmond County Georgia praying that he be granted Punitive and Compensatory Damages concerning the issues that he was denied the right to prosecute on his Original Suit, so being the fact that Appellant was denied his right to sue for Punitive and Compensatory damages. [Additionally,] [o]nce the Civil Court issued Summary Judgment, that ruling effectively denied Appellant the right to litigate the issues of damages, to which he now seek [sic] to litigate.

Assuming that the trial court made such a ruling, we find no error. Because it is unclear whether Hardwick seeks to (a) reargue the trial court's grant of summary judgment or (b) appeal the dismissal of a subsequent case, we address both.

(a) Hardwick may not relitigate his claims for compensatory and punitive damages. Although the "law of the case" rule has been statutorily abolished, "any ruling by the Supreme Court or the Court

---

[4] We do not have the record before us, but it appears that Hardwick filed a related action on July 27, 2004, against these same defendants, seeking compensatory and punitive damages.

[5] Hardwick does not cite to this ruling, nor do we see any evidence of such a ruling in the record. Accordingly, we do not know whether the ruling was made in this case or the subsequent case allegedly filed by Hardwick on July 27, 2004.

of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."[6] Because we previously affirmed the trial court's grant of summary judgment on Hardwick's claims for punitive and consequential damages, we cannot revisit those claims in this appeal.

Contrary to Hardwick's contention, he has not been denied his right to sue for compensatory and punitive damages. We point out that "[a] motion for summary judgment is a vehicle for disposing of a controversy *without the necessity of a trial*. It is, as the description shows, a summary disposition of the issues in order to efficiently *resolve litigation*."[7]

(b) To the extent Hardwick seeks to appeal a ruling by the trial court in the case allegedly filed on July 27, 2004, that attempt is barred by the doctrines of res judicata and collateral estoppel.

Under OCGA § 9-12-40 the principle of res judicata is defined as follows:

[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

"Thus where there is identity of parties and subject matter, res judicata bars relitigation of matters that were or could have been litigated in an earlier action."[8] "Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action."[9]

As discussed previously, the trial court granted summary judgment to defendants on Hardwick's claims for compensatory and punitive damages in the prior action and we affirmed that ruling. Accordingly, Hardwick's claims for compensatory and punitive damages in a subsequent action are barred by the doctrines of res judicata and collateral estoppel.[10]

---

[6] OCGA § 9-11-60 (h).

[7] (Emphasis supplied.) *Porter Coatings v. Stein Steel & Supply Co.*, 247 Ga. 631 (278 SE2d 377) (1981).

[8] (Citation omitted.) *Benedict v. Snead*, 253 Ga. App. 749, 750 (560 SE2d 278) (2002).

[9] (Citations omitted.) *Stiltjes v. Ridco Exterminating Co.*, 197 Ga. App. 852 (399 SE2d 708) (1990).

[10] See, e.g., *Benedict*, supra; *Jones v. Powell*, 190 Ga. App. 619, 620 (379 SE2d 529) (1989).

3. Appellees have moved for imposition of frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b), which provides that "[t]he panel of the Court ruling on a case, with or without motion, may by majority vote impose a penalty not to exceed $1,000.00 against any party . . . in any civil case in which there is a direct appeal [or] application for discretionary appeal . . . which is determined to be frivolous." "Such a penalty may be imposed in cases where the appellant could have no reasonable basis upon which to anticipate that this Court would reverse the trial court's judgment."[11]

Even though the issues raised here were decided in an earlier appeal, this appeal was from the trial court's entry of judgment in favor of defendants. Despite the fact that Hardwick never addressed the verdict or entry of final judgment in his brief, we decline to impose sanctions under the circumstances. However, we inform Hardwick that the issues raised here and in the earlier appeal have now been reviewed, and any attempts to appeal to this Court for further review may result in the imposition of sanctions.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED APRIL 8, 2005.

Bobby Hardwick, *pro se.*
*David B. Bell, Sharon B. Enoch*, for appellees.

---

[11] (Citation omitted.) *Griffiths v. Rowe Properties*, 271 Ga. App. 344, 345 (2) (609 SE2d 690) (2005).