S06A0487, S06A0568. NALLY v. BARTOW COUNTY GRAND JURORS et al. (two cases).

(633 SE2d 337)

CARLEY, Justice.

Paul Nally, acting pro se, brought three separate lawsuits seeking recognition of his right, as a private citizen, to appear before the Bartow County Grand Jury to urge a return of indictments. Initially, he filed a declaratory judgment action against the district attorney and others. On May 29, 2002, the trial court entered a final order which denied relief, imposed costs and attorney's fees pursuant to OCGA § 9-15-14, and "enjoined and restrained [Nally] from filing any future actions in Bartow Superior Court until such time as he complies with the sanction to pay said . . . costs and attorney's fees." He did not file a notice of appeal from that order.

In June of 2005, Nally filed a multi-count complaint, which included a mandamus claim, against the Bartow County Grand Jury. In that pleading, he again sought recognition for, and enforcement of, his right to appear before that body and urge the initiation of a criminal prosecution. After filing his complaint, Nally simply mailed a copy to the individual grand jurors, who moved to dismiss for insufficient service of process and lack of personal jurisdiction. The trial court granted their motion and, in addition, noted that Nally was asserting the same claim that had been rejected in May of 2002 and that he had not shown compliance with the condition precedent of paying the costs and attorney's fees incurred in his initial action. In Case Number S06A0568, Nally appeals from that dismissal order.

In September of 2005, while his second action was still pending, Nally filed yet another multi-count complaint which named as defendants the individual members of the newly empaneled grand jury. He again urged that he had a right to seek the return of an indictment, and he sought a writ of mandamus to compel the grand jurors to allow him to exercise that alleged right. In connection with this third action, Nally filed a motion to recuse. After finding the recusal motion to be legally insufficient, the trial court dismissed the case based on the principles of res judicata and estoppel by judgment. In Case Number S06A0487, Nally appeals from that order.

Because the two appeals are interrelated, they are hereby consolidated for disposition in this single opinion.

## Case Number S06A0487

1. Nally urges that the dismissal of his original complaint in May of 2002 is void. However, a judgment is subject to collateral attack only when it is void on its face. OCGA § 9-11-60. That requires a showing that the judgment lacks "either personal or subject matter jurisdiction." *Murphy v. Murphy*, 263 Ga. 280, 282 (430 SE2d 749) (1993).

Nally has not shown such deficiency in the order of May 2002. Instead, he merely contends that the trial court's ruling that he did not have a constitutional right to appear before the grand jury is erroneous on its merits. Advancement of that argument required the timely filing of a notice of appeal or a direct attack. " 'If the judgment is merely erroneous, it can be attacked, and the error corrected only by appeal or by a direct proceeding to set it aside. . . .' " *Walden v. Smith*, 203 Ga. 207, 209 (5) (45 SE2d 660) (1947), overruled on other grounds, *McCorkle v. Judges of Superior Court of Chatham County*, 260 Ga. 315, 317 (392 SE2d 707) (1990). Nally did not pursue his right of appeal or a motion to set aside and, thus, cannot now challenge the validity of the legal merits of the May 2002 order.

2. Nally enumerates as error the trial court's finding that he failed to state a viable basis for recusal. However, his handwritten motion contained in the record does not state any specific grounds, but merely indicates generally that "the judges of this Court are disqualified, . . . [and] it would be appropriate for these judges to disqualify/recuse themselves now and request a substitute judge."

In his brief, Nally contends that the trial judge to whom the case was assigned was disqualified because another judge in the circuit was related to two of the grand jurors. Obviously, that is not a legally sufficient basis for seeking recusal, since it does not relate to the judge who was presiding over the proceeding.

3. " 'It is axiomatic that the same issue cannot be relitigated ad infinitum. (Cit.)' [Cit.]" *Johnson v. State*, 272 Ga. App. 294, 296 (6) (612 SE2d 29) (2005). Because the order entered in May of 2002 was not appealed, it conclusively established that Nally did not have a viable claim of entitlement to appear before the grand jury. Therefore, he could not relitigate that issue in a subsequent action against the individual members of the grand jury. "[T]he judgment unappealed from became final and is now res judicata as to the same issues sought to be raised in the present case." *Swinney v. Reeves*, 224 Ga. 274, 276 (161 SE2d 273) (1968).

> "[W]here there is identity of parties and subject matter, res judicata bars relitigation of matters that were or could have

been litigated in an earlier action." [Cit.] "Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action." [Cit.]

*Hardwick v. Williams*, 272 Ga. App. 680, 682 (2) (b) (613 SE2d 215) (2005). Therefore, the trial court correctly dismissed the complaint wherein Nally had raised the identical claim for the third time.

### Case Number S06A0568

4. Nally contends that the trial court erred in dismissing his second complaint. However, he did not perfect service in accordance with OCGA § 9-11-4 (c).

If service is never perfected and is not waived, the court does not acquire jurisdiction over the defendant and the suit is void, "since the filing of a complaint without perfecting service does not constitute a pending suit." [Cits.]

*Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999). Moreover, for the reasons discussed previously, the second action was subject to dismissal on res judicata grounds.

5. In his remaining contentions, Nally urges that the trial court erroneously failed to hold a hearing on the merits of his claim and to make findings of fact and conclusions of law. However, dismissal of the action rendered a hearing on the merits and compliance with OCGA § 9-11-52 moot. See *Walker v. Walker*, 238 Ga. 273, 274 (1) (232 SE2d 554) (1977); Uniform Superior Court Rule 6.3.

6. Nally urges that the trial court erred in failing to recognize that a default existed when a timely answer to his complaint was not filed. Under OCGA § 9-11-55 (a), a default exists when an answer is not filed " 'within 30 days after service of the summons and complaint.' [Cit.]" *Olvey v. C&S Bank of Clayton County*, 146 Ga. App. 484 (246 SE2d 485) (1978). Here, the time for filing an answer never began to run because Nally did not perfect service on any of the grand jurors whom he named as a defendant in the case.

*Judgments affirmed. All the Justices concur, except Benham and Melton, JJ., not participating.*

DECIDED MAY 17, 2006 —
RECONSIDERATION DENIED JULY 14, 2006.

*Paul L. Nally*, for appellant.
*George P. Govignon, Jenkins & Olson, Peter R. Olson*, for appellees.