## A09A1960. MAYS v. CITY OF FAIRBURN.
### (687 SE2d 591)

MIKELL, Judge.

Pro se appellant David Mays is a frequent litigant in this Court. Mays was cited by the City of Fairburn Police Department for driving under the influence of alcohol and entered a guilty plea to the offense in 1999. He then sued the City, seeking to withdraw his plea and expunge his record. The trial court granted summary judgment to the City, and this Court affirmed that decision in an unpublished opinion in 2002.[1] Mays nevertheless continued to file motions in the trial court seeking the same relief, including a petition for mandamus in 2005. The trial court dismissed the petition, and in an order issued on May 9, 2007, this Court dismissed Mays's appeal as moot, concluding that "no substantive issues of any kind remain in [this] case." On July 12, 2007, the trial court entered an order denying Mays's motion to compel withdrawal of his guilty plea and to expunge the record, which was filed more than six years after the entry of final judgment in the case. The court stated that it would not accept any further motions in the case.

On October 20, 2008, Mays filed a new action styled "Petition for Review" in the trial court. In this petition, Mays again sought withdrawal of his guilty plea, and he challenged this Court's dismissal of his appeal and the trial court's order of July 12, 2007. Mays also filed two motions for reconsideration. The City filed a motion to dismiss for failure to state a claim and a motion for an award of attorney fees and expenses pursuant to OCGA § 9-15-14. The City submitted an affidavit in support of its motion for attorney fees. The trial court issued a final order granting the City's motions and

---

[1] *Mays v. City of Fairburn*, 253 Ga. App. XXV (2002).

awarding it $1,314 in attorney fees. Mays appeals this order.

1. "It is axiomatic that the same issue cannot be relitigated ad infinitum."[2] Because the order entered on July 12, 2007, was not appealed, it conclusively established that Mays was not entitled to any relief against the City with regard to his guilty plea. Thus, the doctrine of res judicata bars Mays's attempt to relitigate his claims in a subsequent action against the City.[3] Under OCGA § 9-12-40, "a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which . . . might have been put in issue in the cause wherein the judgment was rendered."[4] Accordingly, where, as in the instant case, there is identity of parties and subject matter, res judicata bars relitigation of matters that were or could have been decided in an earlier action.[5] As Mays's petition asserts the same claims as in an earlier action against the same party, the trial court did not err in dismissing it.

2. However, the trial court erred in entering an award of attorney fees without a hearing. "In order to enter an award of attorney fees, a hearing is required because an oral hearing gives the party opposing attorney fees an opportunity to confront and challenge testimony with regard to the need for, and value of, legal services."[6] Accordingly, we must vacate the award of attorney fees and remand this case to the trial court in order for the requisite hearing to be held.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 8, 2009 —
RECONSIDERATION DENIED DECEMBER 2, 2009.

David Mays, *pro se.*
*Sanders, Haugen & Sears, Walter S. Haugen*, for appellee.

---

[2] (Citation and punctuation omitted.) *Nally v. Bartow County Grand Jurors*, 280 Ga. 790, 791 (3) (633 SE2d 337) (2006).

[3] See id.

[4] See *Atlanta J's v. Houston Foods*, 237 Ga. App. 415, 416 (514 SE2d 216) (1999).

[5] *Hardwick v. Williams*, 272 Ga. App. 680, 682 (2) (b) (613 SE2d 215) (2005).

[6] (Citation and punctuation omitted.) *Rice v. Grubbs*, 281 Ga. 614 (641 SE2d 514) (2007).