# Court of Appeals
# of the State of Georgia

ATLANTA,　February 06, 2023

*The Court of Appeals hereby passes the following order:*

**A22A1606.  WILLIAMS v. CASTLE HOME PRO, LLC et al.**

In this appeal, Douglas Williams contends the trial court erred by granting summary judgment to Castle Home Pro, LLC ("CHP") after concluding that a provision of the parties' purchase agreement gave CHP a unilateral right to terminate the agreement as unenforceable; granting CHP's motion to dismiss Williams's appeal to the grant of summary judgment after concluding there was an unreasonable and inexcusable delay in filing the transcript; and awarding CHP's attorney fees and expenses of litigation under OCGA § 9-15-14 (a).

Williams's appeal before this Court comes by way of a notice of appeal filed to the trial court's order awarding attorney fees and expenses of litigation under OCGA § 9-15-14 (a). In both CHP's appellee brief and a separately filed motion to dismiss, CHP contends this Court lacks jurisdiction to consider Williams's contentions by way of a direct appeal and that instead, Williams was required to file a discretionary application to appeal the trial court's OCGA § 9-15-14 (a) award.[1]

---

[1] *See, e.g.*, *Mitcham v. Blalock*, 268 Ga. 644, 646-47 (4) (491 SE2d 782) (1997) ("Although OCGA § 5-6-35 (a) (10) requires that an appeal of an award of attorney fees made pursuant to OCGA § 9-15-14 be preceded by the grant of a discretionary application, a direct appeal is permitted when it is appealed as part of a judgment that is directly appealable." (punctuation omitted)); *Haggard v. Bd. of Regents of Univ. Sys. of Ga.*, 257 Ga. 524, 526 (4) (a) (360 SE2d 566) (1987) ("[A] judgment awarding attorney fees and costs of litigation pursuant to OCGA § 9-15-14 may be reviewed on direct appeal, when it is appealed as part of a judgment that is directly appealable."); *Rolleston v. Huie*, 198 Ga. App. 49, 52 (4) (400 SE2d 349) (1990) ("[I]n those instances [in which] a direct appeal has been taken from the underlying

And as a threshold issue of *any* appeal, this Court must first satisfy itself of having jurisdiction to review the enumerated errors.[2]

Our consideration of this question, however, is hampered by the unclear status of the second named defendant in this action, J&J Investments, LLC. At oral argument, the parties were asked about J&J's status in the case because, although all complained-of orders within this appeal include J&J in the style of the case, no orders explicitly take action with regard to J&J or otherwise reference the party. Thus, the parties were invited to file supplemental briefs after oral argument to explain J&J's status and further explore this Court's jurisdiction. Both parties accepted this Court's invitation to do so, but the most said about J&J from those briefs and oral argument is that J&J "did not file an Answer or other responsive pleading or otherwise appear before the trial court at any stage during this litigation,"[3] and Williams never sought a default judgment against J&J.[4]

An understanding of J&J's status as a party and whether this action remains pending against J&J is relevant to this Court's jurisdiction because J&J's status

---

judgment, a party may also appeal directly from the OCGA § 9-15-14 post-judgment award without regard to the discretionary appeal procedures of OCGA § 5-6-35 (a) (10).").

[2] *See State v. Int'l Keystone Knights of the Ku Klux Klan, Inc.*, 299 Ga. 392, 392 (788 SE2d 455) (2016) ("[B]efore we can resolve [the] questions [on appeal], we must consider our jurisdiction of this appeal."); *Ford v. Ford*, 347 Ga. App. 233, 233 (818 SE2d 690) (2018) ("It is well established that this Court has a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly." (punctuation omitted)); *Thaxton v. Norfolk S. Corp.*, 287 Ga. App. 347, 349 (1) (652 SE2d 161) (2007) ("We first consider the issue of our jurisdiction to consider this appeal.").

[3] Supplemental Brief of Appellant at 1.

[4] Explanation from Appellee at oral argument conducted October 5, 2022, and archived at https://vimeo.com/758575039.

impacts whether and when the trial court issued a final judgment.[5] Indeed, under OCGA § 9-11-54 (b),

> [w]hen more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

But importantly, without

> such determination and direction, any order or other form of decision, however designated, which adjudicates . . . the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[6]

---

[5] *See* OCGA § 5-6-34 (a) (1) (permitting appeals from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below . . .").

[6] OCGA § 9-11-54 (b); s*ee Fin. Inv. Grp., Inc. v. Cornelison*, 238 Ga. App. 223, 224 (516 SE2d 844) (1999) ("Because the trial court's order does not include the express determinations required by OCGA § 9-11-54 (b) and [appellant] failed to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), we do not have jurisdiction and accordingly dismiss this appeal."); *Stancil v. Gwinnett Cnty.*, 259 Ga. 507, 508 (384 SE2d 666) (1989) ("The dismissal of one of multiple defendants is not an appealable order unless the judge has made it a final order under OCGA § 9-11-54 (b)."). *But see* OCGA § 9-11-56 (h) ("An order granting summary judgment on any issue or as to any party shall be subject to review by appeal."); *Benedict v. Snead*, 253 Ga. App. 749, 750 (560 SE2d 278) (2002) (physical precedent only) ("[A]n exception to this finality rule is provided in OCGA § 9-11-56 (h), which allows but does not require an immediate appeal from the grant of summary judgment to one of the parties even though the judgment is not final under Code sections 5-6-34 (a) (1) and 9-11-54 (b).").

Here, as explained *supra*, J&J's status as a party remains unclear, and J&J remains a named party within the style of this case even on appeal. And because J&J's status is relevant to the question of whether a portion of this action remains pending below, we remand this case to the trial court to make an inquiry into and determination on this issue.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  02/06/2023

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Stephen E. Castlen* , *Clerk.*